UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

TOMMY VOND DIXON )
)
    Plaintiff, )
)
v. ) No. 1:13-0084
) CHIEF JUDGE HAYNES
KARLA BOUCHER, et al. )
)
    Defendants. )

## MEMORANDUM

Plaintiff, Tommy Vond Dixon, an inmate at the Wayne County Jail in Waynesboro, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Karla Boucher, a member of the staff at the Wayne County Jail; Ric Wilson, Sheriff of Wayne County; the Wayne County Jail; and two additional members of the Jail's staff. Plaintiff seeks damages arising out of his loss of the prison trustee job at the jail.

On March 22, 2013, the Plaintiff was moved to the Tennessee pod at the Wayne County Jail and was named a trustee. As a trustee, Plaintiff earned two days of good time credit for every day of work in the unit. Under Captain Boucher's orders, Plaintiff was removed from his trustee position on June 19, 2013. Plaintiff alleges that he lost his trustee position and accrued good time credits in retaliation for his filing of a lawsuit against Captain Boucher.

The Defendants are named in their official capacities only. In an official capacity action, the actual defendant is the entity that employs the individual Defendants. Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir.1993) ("an official capacity suit is, in all respects other than name, to be treated as a suit against the entity.") In essence, then, the Plaintiff's claims are against Wayne

1

County, the employing entity. Hafer v. Melo, 502 U.S. 21, 25 (1991).

A claim against Wayne Court requires allegations that the misconduct complained was due to pursuant to a policy, statement, regulation, decision or custom of Wayne County or the Wayne County Sheriff. Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). The Sheriff is considered the decision-maker for the county. Brandon v. Hall, 469 U.S. 464, 471-72 (1985).

Plaintiff's allegations do not suggest that his rights were violated due to a policy or regulation of Wayne County or its Sheriff. Plaintiff's allegations are that a Captain Boucher caused his job loss and Boucher is not named as a defendant. Thus, the Court concludes that Plaintiff has failed to state a claim against the Defendants acting in their official capacities.

Absent an actionable claim, the Court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

ENTERED this the 12th day of September, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court